NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3537
_____

UNITED STATES OF AMERICA

v.

MUMIN BASHEER,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 2-05-cr-00616-001)
District Judge: Hon. Curtis Joyner

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 25, 2010

Before: McKEE, *Chief Circuit Judge*, SLOVITER and RENDELL, *Circuit Judges*,

(Filed December 7, 2010)

OPINION

McKee, *Chief Judge*

Mumin Basheer appeals the district court's judgment of conviction and sentence.

For the reasons that follow, we will affirm.

**I.**

Because we write primarily for the parties, we will recite only the facts and procedural history that are necessary for the disposition of this appeal. A jury found Basheer guilty of: possession of 50 grams or more of crack cocaine with intent to distribute, in violation of 18 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 252 months' imprisonment with 192.

Basheer raises four arguments on appeal: (1) his conviction was against the weight of the evidence because a reasonable jury could not find beyond a reasonable doubt that Basheer constructively possessed drugs and firearms; (2) the court erred by granting the government's motion to include evidence of his prior conviction under Rule 609; (3) the court erred in permitting the testimony of a narcotics expert in violation of Rule 704(b); and (4) the court erred in several respects in imposing sentence.

**II.**

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and have jurisdiction to review the sentence pursuant to 18 U.S.C. § 3742. We review a district court's evidentiary rulings and sentencing decisions for abuse of discretion. *See United States v. Johnson*, 302 F.3d 139, 152 (3d Cir. 2002) (evidentiary rulings); *Gall v. United States*, 552 U.S. 38, 46 (2007) (sentencing). Where an objection was not preserved at trial, we review for plain error. *United States v. Mornan*, 413 F.3d 372, 380 (3d Cir. 2005). When considering challenges to the sufficiency of the evidence, we view all of the evidence on the record "in the light most favorable to the prosecution to determine

2

whether any rational trier of fact could have found proof of guilt[] beyond a reasonable doubt based on the available evidence." *United States v. Wolfe,* 245 F.3d 257, 261 (3d Cir. 2001). Insufficiency of the evidence claims place "a very heavy burden" on an appellant. *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990).

## III.

## A.

Basheer argues that the government failed to prove even constructive possession of drugs or firearms beyond a reasonable doubt. Constructive possession "requires both, 'dominion and control' over an object and knowledge of that object's existence." *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992). Like any other fact, it can be proven by circumstantial evidence. *Id*. at 97. However, "mere proximity to the drug, or mere presence on the property where it is located" is not enough to find constructive possession. *United States v. Davis*, 461 F.2d 1026, 1036 (3d Cir. 1972).

When police first saw Basheer in an abandoned house he was alone in the same room with the drugs and weapons, and he immediately fled as the officers approached. Such flight has long been held as circumstantial evidence of guilt. *See United States v. Miles*, 468 F.2d 482, 489 (3d Cir. 1972). Before police entered the vacant house, they observed a juvenile selling cocaine from that location, and they saw him frequently entering and leaving that property as he sold cocaine outside. Yet, when arrested, the juvenile only had three dollars on his person. The government introduced expert testimony at trial to establish that drug dealers often employ juveniles as street sellers to minimize risk. That witness also testified that a seller would not leave drugs and firearms

3

unattended. The jury could therefore conclude that someone else was in the house that was being used to "stash" the cocaine that the juvenile was selling. The jury could also have concluded someone else was in the house who was involved in the sales because the juvenile only had $3.00 in his possession when arrested even though he had made several sales of cocaine immediately prior to the arrest. When viewed in the light most favorable to the government as verdict winner, we have no trouble concluding that the evidence was sufficient to allow the jury to find that Basheer was in constructive possession of the drugs and firearms found in the vacant property that was clearly being used to "stash" drugs that the juvenile was selling.

Basheer also challenges the credibility of police testimony based on either inconsistencies or implausibility. Assessing witness credibility is the sole province of the jury and "[i]t is not for us to weigh the evidence or to determine the credibility of witnesses." *United States v. Dent,* 149 F.3d 180, 187 (3d Cir. 1990). The jury clearly resolved the alleged inconsistencies and implausibilies against Basheer, and we see nothing in the record that would allow us to conclude that it acted improperly in doing so.

**B.**

Basheer argues that the district courted erred in granting the government's pre-trial motion to include evidence of his prior conviction for possession of a firearm without a license for purposes of impeachment pursuant to Federal Rule of Evidence 609. However, since Basheer did not take the stand in his own defense, he has waived his right to raise that issue now. *See Luce v. United States,* 469 U.S. 38, 43 (1984).

**C.**

4

Basheer also claims that admitting expert testimony relating to the purpose of the crack cocaine or money recovered in this case was contrary to Federal Rule of Evidence 704(b). Having failed to preserve an objection during trial on this issue, we review the district court's ruling for plain error. *Mornan*, 413 F.3d at 380.

Rule 704(b) prohibits expert witnesses from opining or inferring that the defendant in a criminal case had the requisite mental state for the crime charged. However, Rule 704(b) allows opinion testimony as long as "the expert does not draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion does not necessarily follow from the testimony." *United States v. Watson,* 260 F.3d 301, 308 (3d Cir. 2001) (quoting *United States v. Bennett,* 161 F.3d 171, 183 (3d Cir. 1998)). Thus, experts may testify about common practices of drug dealers without violating this rule. *Id*.

We have previously ruled that expert testimony inferring intent to distribute based on a hypothetical involving the same circumstances of the case at issue does not violate Rule 704(b). *See United States v. Davis*, 397 F.3d 173, 179 (3d Cir. 2005). The testimony was permissible here because it was not given in response to specific questions about the particular defendant's intent. *Id*. Furthermore, in *Davis*, as here, the expert witness had no direct connection to the investigation, and thus, "there was no potential for the jury to conclude that [the] Officer … had any special insight into the thoughts or intent of the defendants." *Id*. The narcotics expert here never referred to either Basheer or his intent in any way. Consequently, the district court did not commit plain error in admitting this testimony.

**D.**

Basheer challenges his sentence on several grounds.   He  argues first that the district court erred during sentencing by not considering the crack/powder sentencing disparity in the guidelines.  Basheer did not however, raise this issue before the district court at the time of sentencing, and thus, "our review is confined by the exacting plain error standards." *United States v. Lloyd*, 469 F.3d 319, 321 (3d Cir. 2006).  Not only must the error be plain, it must affect substantial rights and seriously affect the integrity and fairness of judicial proceedings. *United States v. Heckman*, 592 F.3d 400, 404 (3d Cir. 2010).

The district court does have the discretion to consider the sentencing disparity between crack and cocaine powder offenses, but is "under no obligation to impose a sentence below the applicable Guidelines range solely on the basis of the crack/powder cocaine differential." *United States v. Gunter*, 462 F.3d 237, 248 (3d Cir. 2006).  Since the court is not required to adjust a sentence based on the crack/cocaine disparity,  the district court did not plainly err by sentencing Basheer within the applicable guideline range for crack cocaine based offenses.

Basheer also claims that the court did not meaningfully address several mitigating factors such as his history of mental illness, his relationship with his young daughter, or his childhood in a home where his father and uncle used drugs. When considering the § 3553(a) sentencing factors, the court found the nature and circumstances of the offense to be significant,  his criminal history demonstrates no respect for law, his sentence would deter others, and that he posed a sufficient danger to the public to require substantial

incarceration. App. 433.  Although Basheer's history of mental illness and his childhood were not directly addressed by the court during sentencing, it is clear from the record that the court heard and considered these mitigating factors.  A sentencing judge need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).

Moreover,  Basheer's claim that his sentence was substantively unreasonable is meritless. We "affirm [a sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009). The record reflects that the district court adequately considered the § 3553(a) factors and reasonably applied them when imposing the sentence.  Accordingly, we find that this sentence was reasonable, and we reject Basheer's claim that the court considered the sentencing guidelines to be mandatory.

Finally, direct appeal is not the proper method to address the subsequent amendments to the crack cocaine sentencing guidelines.  Therefore, our rejection of Basheer's arguments here does not preclude him from raising that issue before the district court in an appropriate motion under 18 U.S.C. § 3583(c)(2).

## III.

For the foregoing reasons the district court's judgment will be affirmed.

7